[Civ. No. 6448. Third Appellate District.—May 3, 1940.]

SOCIAL WELFARE BOARD OF THE STATE DEPART-MENT OF SOCIAL WELFARE, Petitioner, v. F. H. JOHNSON, as County Auditor, etc., Respondent.

Earl Warren, Attorney-General, and Emery F. Mitchell, Deputy Attorney-General, for Petitioner.

F. C. Clowdsley, District Attorney, Chester E. Watson, Deputy District Attorney, R. M. Dunne and Geo. F. Buck for Respondent.

THE COURT.—Petitioner has filed in this court a petition for a writ of mandate to compel respondent, as auditor of San Joaquin County, to draw his warrant in the sum of $25 per month in payment of children's aid to Frank and Sarah De Lucca, who are alleged to be "needy children" under the act entitled "Aid to Needy Children" (Welfare and Institutions Code). Respondent filed a general demurrer to the petition, and the sole question before us is whether or not there are sufficient facts set forth to justify the relief sought.

The petition sets forth the following ultimate facts: That the children mentioned are "needy children" within the meaning of the act granting aid to needy children; that their mother is dead; that their father is a resident of San Joaquin County; that said children live with their grandparents in Contra Costa County; that the board of supervisors of San Joaquin County denied aid to said children upon the ground that they were not residents of that county; that a dispute arose between San Joaquin and Contra Costa Counties in respect to the liability for the support of said children, and the question was submitted to the Department of Social Welfare under the provisions of section 1528 of the code above mentioned; that thereafter said department found and determined that the residence of said children was in San Joaquin County; that the latter county refused to grant such aid, and an appeal was taken to the State Department of Social Welfare under section 1551 of the code mentioned; that said department made its order on appeal that said aid be granted in the amount of $25 per month; that thereafter the board of supervisors of San Joaquin County ordered the payment of said sum, but the respondent auditor refuses to draw or issue a warrant pursuant to said order.

■ We are of the opinion that the petition states sufficient facts to justify the relief sought. It alleges that the father of the half-orphans is a resident of San Joaquin County. Section 1526, subdivision (a) of the Welfare and Institutions Code provides: "That the residence of the father determines that of the child during the lifetime of the father," with certain exceptions, none of which is applicable here. The board of supervisors ordered the payment of the amount in question. It is the duty of the auditor to issue a warrant when a claim is ordered paid by the supervisors. (Pol. Code, sec. 4091.) The pleading shows that the demand was a legal one, and that the supervisors ordered its payment. Under such circumstances it was the legal duty of respondent to draw a warrant for the first month and for each successive month thereafter, if ordered to do so by the board of supervisors.

■ It is urged by respondent that the Social Welfare Board had no authority or jurisdiction to order payment of the amount, as such act was a judicial one. We see no necessity for discussing that question, as the petition clearly states grounds for relief without resorting to the allegation concerning the decision of the Social Welfare Board.

The demurrer is overruled.